FILED

DEC 3 0 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAREK A. REED<br>19 Pilgrim Drive<br>Winchester, MA 01890<br><br>    Plaintiff,<br><br> v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Ebn e Sina Street<br>Emam Khomeini Square<br>Tehran, Iran<br><br>IRANIAN MINISTRY OF<br>INFORMATION AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran,<br><br>MOHAMMAD MOHAMMADI NIK<br>also known as Mohammad Reyshahri<br>Ministry of Foreign Affairs<br>Ebn e Sina Street<br>Emam Khomeini Square<br>Tehran, Iran<br><br>ALI FALLAHIAN-KHUZESTANI<br>Former Minister of Ministry of<br>  Information and Security<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran<br><br>ALI AKBAR HASHEMI-RAFSANJANI<br>Former President of Iran<br>Presidential Palace<br>Palestine Street<br>Tehran, Iran | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CASE NUMBER  1:03CV02657<br>)<br>JUDGE: Ricardo M. Urbina<br>)<br>DECK TYPE: Personal Injury/Malpractice<br>)<br>DATE STAMP: 12/30/2003<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

| | |
|---|---|
| IRANIAN REVOLUTIONARY GUARD CORP<br>Presidential Palace<br>Pasdaran Avenue<br>Tehran, Iran | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Tarek A. Reed ("Plaintiff") hereby sues the Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik a/k/a Mohammad Reshahri, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp ("Defendants"). In support of his causes of action, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2) and (4). The Defendants are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7), and related statutes. This action arises under the laws of the United States of America, customary international law and the common law of Massachusetts. There exists complete diversity between the Plaintiff and Defendants and the amount in controversy herein exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(f)(4).

### THE PARTIES

3. Plaintiff Tarek A. Reed is a domiciliary and resident of the Commonwealth of Massachusetts and a citizen of the United States. Plaintiff is the

natural son of Frank Reed, also a citizen of the United States, who was a victim of "torture" as defined in section 3 of the Torture Victim Protection Act of 1991 (28 U.S.C. § 1350 note). Frank Reed was also a victim of "hostage taking" as defined in Article 1 of the International Convention Against the Taking of Hostages and pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605(e)(2). He suffered "personal injury" as the result of the Defendants' actions and activities as defined in 28 U.S.C. § 1605(a)(7). Plaintiff, as the child of Frank Reed, has suffered injuries and damages as more fully set forth below. These injuries and damages are of a continuing nature.

  4. Defendant Islamic Republic of Iran ("Iran") is a foreign state that has been designated since January 19, 1984 as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j), and Section 620A of the Foreign Assistance Act of 1961, 22 U.S.C. § 2371. Iran routinely provides material support and resources to Hizbollah, a politico-paramilitary terrorist organization operating in Lebanon. At all time relevant, Iran sponsored Hizbollah, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction, training and other assistance for its terrorist activities in Lebanon which were undertaken to expel American presence from Lebanon and to promote Islamic fundamentalism.

  5. Defendant Iranian Ministry of Information and Security ("MOIS") operates, inter alia, as an intelligence service and a conduit for terrorism, and functions both within and beyond Iranian territory. MOIS is an "agency or instrumentality" of Iran. MOIS, acting as an agent of the Islamic Republic of Iran, performed certain acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. §

1605 note, which caused Frank Reed to be abducted, tortured, and held as a hostage for 1,330 days in Lebanon. Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hizbollah for its terrorist activities in Lebanon, including the actions relating to Frank Reed's kidnapping, torture, captivity, mistreatment and avoidance of detection of the locations where Frank Reed was held hostage.

6. Defendant Mohammad Mohammadi Nik, also known as Mohammad Reyshahri ("Nik"), served from sometime in 1984 until sometime in 1989 as the Minister of MOIS. Defendant Nik, while serving as Minister of MOIS, performed acts within the course and scope of his office which aided, abetted, facilitated and otherwise materially assisted the abduction, hostage taking, detention and mistreatment of Frank Reed, as alleged below.

7. Defendant Ali Fallahian-Khuzestani ("Khuzestani") served from some time in 1989 through mid-1997 as the Minister of MOIS. Defendant Khuzestani, while serving as Minister of MOIS, performed acts within the course and scope of his office which aided, abetted, facilitated and otherwise materially assisted the abduction, hostage taking, detention and mistreatment of Frank Reed, as alleged below.

8. Defendant Ali Akbar Hashemi-Rafsanjani ("Rafsanjani") served from 1989 until 1997 as the President of the Defendant Iran and prior to that as the Speaker to Iran's Parliament. While serving as President of Iran, Defendant Rafsanjani performed acts within the course and scope of his office which aided, abetted, facilitated and otherwise materially assisted the abduction, hostage taking, detention and mistreatment of Frank Reed, as alleged below.

4

9. Defendant Iranian Revolutionary Guard Corp ("Revolutionary Guard") is an Iranian revolutionary organization which at all times relevant to this action was active in supporting furthering and advancing the terrorism sponsored agenda and terrorist objectives of Defendant Iran in Lebanon through its proxy Hizbollah.

## BACKGROUND FACTS

10. This Court in Cicippio v. Islamic Republic of Iran, 18 F.Supp.2d 62 (D.D.C. 1998) (Jackson, J.) ("Cicippio"), already has held that the Islamic Republic of Iran is liable for the kidnapping, torture, mistreatment and captivity of Frank Reed.

11. Frank Reed was kidnapped on September 9, 1986, and thereafter tortured, maltreated in numerous ways and held hostage for 1,330 days until September 9, 1990 by members of Hizbollah, a politico-paramilitary group responsible for carrying out acts of terrorism in Lebanon. See, Cicippio, 18 F.Supp.2d 64 (incorporated by reference as if fully set forth herein).

12. At all relevant times, Iran, through its agents MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard, provided material resources and support in the form of funding, training and direction to Hizbollah. In providing said material resources and support, MOIS was acting within the scope of its agency. Id.

13. Frank Reed spent two years in solitary confinement, blind-folded and chained. His hands are permanently scarred from the chains and his feet were severally beaten with an iron rod and belt.

14. During his captivity in Lebanon, Frank Reed's nose and jaw bone were broken by his captors. He was severally beaten with an AK-47 rifle until his kidneys

5

bled. His shoulder and back were permanently scarred when a boiling tea kettle was placed on him.

15. During his captivity in Lebanon, Frank Reed lost over fifty (50) pounds. Frank Reed's captors engaged in the heinous practice of feeding him arsenic, thereby poisoning him over a significant period of time and he was given a large dose of arsenic before his release. He was also forced to wear a non-sanitary blindfold during his captivity which caused him to suffer eye infections.

16. Frank Reed's captors also mistreated him in cruel and inhumane ways by (i) attaching wires to his forefingers and torturing him with electrocution and (ii) beating his head with hand grenades.

17. Upon his release from captivity in Lebanon, Frank Reed spent eighty (80) days in the Malcolm Grow Center at Andrews Air Force Base and was subsequently hospitalized on at least eleven (11) occasions for post traumatic stress syndrome, depression, alcoholism and other medical and psychological conditions, all of which were proximately caused by the cruel, inhumane and heinous mistreatment which he suffered at the hands of his captors in Lebanon.

18. As a proximate result of the constant beatings and abuse inflicted to his genitals while in captivity, Frank Reed has been rendered impotent. He is unable to seek gainful employment as a proximate result of his physical and psychological injuries and has been receiving Social Security disability benefits since his release in 1990.

19. Due to Frank Reed's erratic behavior and post traumatic stress syndrome, his wife was forced to have him involuntarily committed to a mental health facility following his release from captivity. To this day, Frank Reed resorts to occasional bouts

of living as a homeless person and wandering the streets without shoes or other items of clothing.

20. The aforesaid willful, wrongful, intentional, outrageous and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp, are acts for which officials and agents of the United States Government would be liable if such acts were carried out within the United States.

## COUNT I

### (Federal § 1605(a)(7) and Flatow Amendment Claim Intentional Infliction of Emotional Distress)

21. The allegations contained in Paragraphs 1 through 20 hereof are incorporated herein as if fully set forth.

22. The acts of abducting and holding Frank Reed hostage for 1,330 days and the cruel, inhumane and heinous mistreatment and torture of Frank Reed while in captivity constitute extreme and outrageous conduct on the part of Hizbollah members, whose acts were funded, directed, aided, abetted and otherwise assisted by Iran through its agents MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp.

23. As a direct and proximate result of the willful, wrongful, intentional, outrageous and reckless acts of Hizbollah members, whose actions were funded, directed, aided, abetted, assisted or facilitated by Iran through its agents MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp, Plaintiff, as the child of Frank Reed, was caused to suffer extreme and severe emotional distress, which have manifestations that include, but are not limited, to the following:

      a.      Plaintiff was shocked and very upset by seeing his father upon his release and reacted by stating that he [Frank Reed] "didn't seem all there."

      b.      Plaintiff's distress was heightened by learning that his father had been blindfolded, beaten and tortured.

      c.      Plaintiff's distress over his father's behavioral problems since his release, as described above, has been acute.

      d.      Plaintiff's distress has manifested itself through a history of learning issues and difficulties which are continuing in nature and duration.

      e.      Plaintiff has experienced and continues to experience loss of focus related to anxiety over safety concerns and issues.

      f.      Plaintiff's learning difficulties have caused him a profound and continuing sense of discouragement which has inhibited, and will continue to inhibit and diminish, his potential career choices and income-producing potential.

      g.      Plaintiff has suffered and continues to suffer from a heightened sense of anxiety, persistent fears concerning the well being of his father and family, and an acute sense of uncertainty about the future.

24.     Plaintiff experiences chronic depression related to (i) the loss of time with Frank Reed, (ii) his knowledge of what transpired during the time of his captivity and (iii) an ongoing and growing distress and concern related to Frank Reed's numerous psychological problems and his resulting anti-social and self-destructive behaviors since his release.

25.     As a proximate result of Plaintiff's acute and continuing emotional distress and because of the long-term, profound effects on Plaintiff's ability to function and make life choices, Plaintiff will require significant individualized psychiatric treatment at great cost and will continue to be damaged by diminished earning capacity throughout his productive years.

8

WHEREFORE, the Plaintiff demands that judgment be entered jointly and severally against Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp in the amount of TEN MILLION DOLLARS ($10,000,000.00) for compensatory damages and against MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp in the sum of THREE HUNDRED MILLION DOLLARS ($300,000,000.00) for punitive damages plus prejudgment interest and the costs of this action.

## COUNT II

(Federal § 1605(a)(7) and Flatow Amendment Claim/Loss of Solatium)

26.   The allegations contained in Paragraphs 1 and 25 are incorporated herein as if fully set forth.

27.   As a direct and proximate result of the willful, extreme, outrageous, wrongful, intentional and reckless acts of Hizbollah members, whose acts were funded, directed, aided, abetted and otherwise facilitated by the Islamic Republic of Iran through its agents MOIS, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani, and the Iranian Revolutionary Guard Corp, Plaintiff has suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship of his father during Plaintiff's tender childhood years while his father was held in captivity.

WHEREFORE, Plaintiff demands that judgment be entered jointly and severally against Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali

Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp in the amount of TEN MILLION DOLLARS ($10,000,000.00) for compensatory damages and against MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp in the sum of THREE HUNDRED MILLION DOLLARS ($300,000,000.00) for punitive damages plus prejudgment interest and the costs of this action.

### COUNT III

(Violation of Customary International Law – Intentional Infliction
Of Emotional Distress)

28. The allegations contained in Paragraphs 1 through 27 are incorporated herein, as if fully set forth.

29. The acts of hostage taking, kidnapping, detention and cruel and inhumane mistreatment of Frank Reed constitute violations of the norms of conduct prescribed by customary international law.

30. As a direct and proximate result of the willful, intentional, outrageous and reckless acts of Hizbollah committed under the direction of the Defendants, Plaintiff suffered extreme and severe emotional distress as well as other damages, as set forth in Paragraphs 22-25 hereof.

WHEREFORE, the Plaintiff demands that judgment be entered jointly and severally against Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp in the amount of TEN MILLION DOLLARS ($10,000,000.00) for compensatory damages and against MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp in the sum of

THREE HUNDRED MILLION DOLLARS ($300,000,000.00) for punitive damages plus prejudgment interest and the costs of this action.

## COUNT IV

(Violation of Customary International Law – Loss of Solatium)

31. The allegations contained in Paragraphs 1 through 30 are incorporated herein as fully set forth.

32. As a direct and proximate result of the willful, extreme, outrageous, intentional and reckless acts of Hizbollah members, Plaintiff has suffered damages and losses, as alleged in Paragraph 27 hereof.

WHEREFORE, the Plaintiff demands that judgment be entered jointly and severally against Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp in the amount of TEN MILLION DOLLARS ($10,000,000.00) for compensatory damages and against MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp in the sum of THREE HUNDRED MILLION DOLLARS ($300,000,000.00) for punitive damages plus prejudgment interest and the costs of this action.

## COUNT V

(Common Law of Massachusetts – Intentional Infliction of Emotional Distress)

33. The allegations contained in Paragraphs 1 through 32 are incorporated herein by reference as if fully set forth.

34. The acts described in Paragraphs 22 through 25 hereof constitute extreme and outrageous conduct under the common law of Massachusetts and the Defendants'

roles in the commission thereof constitute intentional infliction of emotional distress on the Plaintiff.

35. As a direct and proximate result of the willful, wrongful, intentional, extreme, outrageous and reckless acts of Hizbollah members and the Defendants, Plaintiff has suffered the injuries, losses and damages alleged in Paragraphs 22-25.

WHEREFORE, the Plaintiff demands that judgment be entered jointly and severally against Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp in the amount of TEN MILLION DOLLARS ($10,000,000.00) for compensatory damages and against MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp in the sum of THREE HUNDRED MILLION DOLLARS ($300,000,000.00) for punitive damages plus prejudgment interest and the costs of this action.

## COUNT VI

(Common Law of Massachusetts – Loss of Solatium)

36. The allegations contained in Paragraphs 1 through 35 are incorporated herein by reference as if fully set forth.

37. As a direct and proximate result of the willful, extreme, outrageous, wrongful, intentional and reckless acts of Hizbollah and Defendants, as alleged in Paragraph 27 hereof, the Plaintiff has suffered the injuries, losses and damages set forth in Paragraph 27 hereof.

WHEREFORE, the Plaintiff demands that judgment be entered jointly and severally against Defendants Islamic Republic of Iran, the Iranian Ministry of

Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Iranian Revolutionary Guard Corp in the amount of TEN MILLION DOLLARS ($10,000,000.00) for compensatory damages and against MOIS, Nik, Khuzestani, Rafsanjani and the Revolutionary Guard Corp in the sum of THREE HUNDRED MILLION DOLLARS ($300,000,000.00) for punitive damages plus prejudgment interest and the costs of this action.

### PRAYER FOR RELIEF

Plaintiff requests this Court to award:

A.  Compensatory damages against Defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Revolutionary Guard Corp, jointly and severally, in the sum of TEN MILLION DOLLARS ($10,000,000.00) plus prejudgment interest;

B.  Punitive damages against MOIS, Mohammad Mohammadi Nik, Ali Fallahian-Khuzestani, Ali Akbar Hashemi-Rafsanjani and the Revolutionary Guard Corp in the sum of THREE HUNDRED MILLION DOLLARS ($300,000,000.00);

C.  Reasonable costs and expenses; and

D.  Such other and further relief which the Court may determine to be just and equitable under the circumstances.

*Emil Hirsch by PLK*
Emil Hirsch (DC Bar No. 902479)
O'Connor & Hannan, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 887-1400

/s/ Paul L. Knight
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803
(202) 887-1400

Attorneys for Plaintiff

120086_1.DOC